NO. 07-03-0368-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 20, 2004


______________________________



LEOPOLDO FUENTES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 9124; HON. TOM NEELY, PRESIDING


_______________________________



 Opinion

_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Leopoldo Fuentes appeals from an order of the trial court finding that the
results of post-conviction DNA testing were unfavorable to him. The finding was allegedly
erroneous because the test "establish[ed] a second party involvement in the . . . sexual
assault" for which he was convicted. We affirm the order.

 

Background


 Appellant was convicted in 1994 of aggravated sexual assault. On March 25, 2002,
he filed a motion seeking DNA testing and appointment of counsel. The trial court
thereafter appointed counsel and set the matter for hearing. A hearing was conducted on
April 16, 2003, which appellant attended. At that hearing, the State agreed that DNA
testing should take place. The court granted the motion, and the testing was conducted. 
On June 16, 2003, a hearing was held on the results of the testing, during which the trial
court found that the report was unfavorable to appellant. 

 Trial Court's Finding

 In his sole issue, appellant contends that the trial court erred in its finding that the
DNA testing results were unfavorable to him. At the time of the hearing on this matter,
article 64.04 of the Code of Criminal Procedure provided that after examining the test
results, "the convicting court shall hold a hearing and make a finding as to whether the
results are favorable to the convicted person." Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon Supp. 2003). Such results are favorable "if, had the results been available before
or during the trial of the offense, it is reasonably probable that the person would not have
been prosecuted or convicted." Id. This language is similar to that formerly used in article
64.03 of the same code. There, the trial court was required to find before ordering DNA
testing that "a reasonable probability exists that the person would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA
testing . . . ." Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2003). 
Furthermore, to satisfy that threshold, it had to be shown that a reasonable probability
existed that exculpatory DNA tests would prove the defendant's innocence. Rivera v.
State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Kutzner v. State, 75 S.W.3d 427, 438-39
(Tex. Crim. App. 2002). And, that occurs when there is a probability sufficient to
undermine confidence in the outcome. Baggett v. State, 110 S.W.3d 704, 706 (Tex. App.
--Houston [14th Dist.] 2003, pet. ref'd). 

 So, we resolve appellant's attack upon the trial court's finding at bar by assessing
whether the DNA tests which were undertaken create a probability of innocence sufficient
to undermine the confidence in the outcome of the trial. And, we not only treat that matter
as a question of law but also resolve it de novo. See Rivera v. State, 89 S.W.3d at 59
(stating that generally the question of whether a reasonable probability exists that DNA
tests would prove innocence is an application of the law that does not turn on credibility or
demeanor of a witness). 

 Here, the post conviction test revealed the DNA profile from the "sperm fraction of
the semen on the [victim's] panties [to be] consistent with a mixture of [appellant] and [the
victim]." And, though there were additional findings that another potential contributor to the
sperm fraction existed, appellant nonetheless could not be excluded "as the contributor of
the major component of the semen on the panties." Further, the probability that someone
other than appellant contributed the major component of semen was "approximately 1 in
8.913 trillion for Caucasians, 1 in 73.05 trillion for Blacks, [and] 1 in 466.2 billion for
Hispanics." The approximate population of the world, according to the test report, was only
6.3 billion. Given that appellant's semen was found in the victim's panties and that the
odds of someone other than appellant being the major contributor of that semen exceeded
the world population, we cannot say that the test created a probability of innocence
sufficient to undermine confidence in the outcome of the trial. 

 Accordingly, the order of the trial court is affirmed.


 Brian Quinn 

 Justice 


Publish.

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).